IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | | |
|---|---|---|---|
| ANTHONY CAIRNS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | CIVIL ACTION | |
| vs. | ) | | |
| | ) | FILE No. | |
| TERRY'S SUPERMARKET #7, L.L.C. | ) | | |
| and TSM DEVELOPMENT LLC, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3.      Plaintiff is disabled as defined by the ADA.

1

4.        Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.        Plaintiff uses a wheelchair for mobility purposes.

6.        Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.        Defendant, TERRY'S SUPERMARKET #7, L.L.C. (hereinafter "TERRY'S SUPERMARKET #7, L.L.C.") is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8.        Defendant, TERRY'S SUPERMARKET #7, L.L.C., may be properly served with process via its registered agent for service, to wit:  Chol Y Kim, Registered Agent, 2310 Saint Germain Road, Dallas, TX  75212.

9.        Defendant, TSM DEVELOPMENT LLC (hereinafter "TSM DEVELOPMENT LLC"), is a domestic limited liability company that transacts business in the State of Texas and within this judicial district.

10.       Defendant, TSM DEVELOPMENT LLC, may be properly served with process via its registered agent for service, to wit:  Gi Yeon Lee, Registered Agent, 2310 Saint Germain

Road, Dallas, TX  75212.

## FACTUAL ALLEGATIONS

11.     On or about December 18, 2019, Plaintiff was a customer at "Terry's Supermarket," a business located on the Property at 1830 E. Main Street, Grand Prairie, TX 75050, referenced herein as "Terry's". See attached receipt documenting Plaintiff's purchase at Terry's Supermarket attached as Exhibit 1.  See also a photograph of Plaintiff documenting his encounter with the barriers to access at the Property attached as Exhibit 2.

12.     Terry's is operated by Defendant, TERRY'S SUPERMARKET #7, L.L.C.

13.     Defendant, TERRY'S SUPERMARKET #7, L.L.C., is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

14.     Defendant, TSM DEVELOPMENT LLC, is the owner or co-owner of the real property and improvements that Terry's is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     Plaintiff's access to Terry's Supermarket, a store located at 1830 E. Main Street, Grand Prairie, TX   75050, Dallas County Property Appraiser's parcel number 65154803610230000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at Terry's and the Property, including those set forth in this Complaint.

16.     Plaintiff has visited Terry's and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Terry's and the Property within six

months after the barriers to access detailed in this Complaint are removed and Terry's and the Property are accessible again.  The purpose of the revisit is to be a return customer, to determine if and when Terry's and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17.     Plaintiff intends on revisiting Terry's and the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18.     Plaintiff travelled to Terry's and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access Terry's and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Terry's and the Property.

**COUNT I**
**VIOLATIONS OF THE ADA AND ADAAG**

19.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)     discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C.

5

§ 12181; 28 C.F.R. § 36.508(a).

24.     Terry's is a public accommodation and service establishment.

25.     The Property is a public accommodation and service establishment.

26.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.     Terry's must be, but is not, in compliance with the ADA and ADAAG.

29.     The Property must be, but is not, in compliance with the ADA and ADAAG.

30.     Plaintiff has attempted to, and has to the extent possible, accessed Terry's and the Property in his capacity as a customer of Terry's and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Terry's and the Property that preclude and/or limit his access to Terry's and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Plaintiff intends to visit Terry's and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Terry's and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Terry's and

the Property that preclude and/or limit his access to Terry's and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.    Defendants, TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Terry's and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33.    Defendants, TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC, are compelled to remove all physical barriers that exist at Terry's and the Property, including those specifically set forth herein, and make Terry's and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Terry's and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Terry's and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)    The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are approximately 288 total parking spaces on the Property, thus requiring a minimum of seven (7) accessible

parking spaces, but there are only five accessible parking spaces on the Property. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(ii)    There are two accessible parking spaces that are missing a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(iii)   There are two accessible parking spaces that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(iv)    Section 208.2.4 requires two van accessible parking spaces, and section 502.6 of the 2010 ADAAG Standards requires van accessible parking spaces to be designated by signage as "van accessible", but there are no van accessible parking signs on the property.

(v)     In front of the Terry's Supermarket entrance, to the right of the "Bienvenidos" sign, the accessible parking spaces are not level due to the presence of an ramp protruding in the accessible parking spaces, creating a surface slope in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi)    In front of the Terry's Supermarket entrance, to the right of the "Bienvenidos" sign, the curb ramp is improperly protruding into the accessible parking space in

8

violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(vii)    In front of the Terry's Supermarket entrance, to the right of the "Bienvenidos" sign, when a vehicle parks in the accessible parking space, the accessible ramp is blocked. As a result, the accessible parking spaces are designed so that when cars and vans are parked, they obstruct the required clear width of adjacent accessible routes in violation of section 502.7 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(viii)   In front of the Terry's Supermarket entrance, to the right of the "Bienvenidos" sign, one of the accessible parking spaces is not located on the shortest distance to the accessible route in violation of section 208.3.1 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(ix)     In front of the Terry's Supermarket entrance, to the right of the "Bienvenidos" sign, the one accessible parking space with an access aisle has an access aisle that is not level due to a parking stop and foliage in the access aisle in violation of section 502.4 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to utilize his van lift when exiting and entering.

(x)      In front of the Terry's Supermarket entrance, to the left of the "Bienvenidos" sign, the access aisle to one of the accessible parking spaces is not level due to the presence of a curb and other items in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xi)     In addition, in front of the Terry's Supermarket entrance, to the left of the "Bienvenidos" sign, the accessible curb ramp is improperly protruding into the accessible parking space in violation of Section 406.5 and 502.4 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xii)    In front of the Terry's Supermarket entrance, to the left of the "Bienvenidos" sign, one of the accessible parking spaces is not located on the shortest distance to the accessible route in violation of section 208.3.1 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xiii)   In front of the Metro PCS store, there is one accessible parking space is not located on the shortest distance to the accessible route in violation of section 208.3.1 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xiv)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

TERRY'S SUPERMARKET

(xv)     The vertical reach to the exterior self-serve water machine dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation would make it difficult for Plaintiff to property utilize public features of the Property.

10

TERRY'S SUPERMARKETS RESTROOMS

(xvi)    The restroom door has a vertical rise of at least 1 inch at the threshold of the door in violation of section 404.2.5 of the 2010 ADAAG Standards.  This violation would make it dangerous for Plaintiff or any disabled individual to access the restroom.

(xvii)   The maneuvering clearance of the restroom door is not level due to the 1 inch vertical rise at the door, this is a violation of section 404.2.4.4 of the 2010 ADAAG Standards. This violation would make it dangerous for Plaintiff or any disabled individual to access the restroom.

(xviii)  As a result of the vertical rise at the restroom door, there is not one accessible route connecting the accessible elements and spaces and the accessible entrance in violation of section 206.2.4 of the 2010 ADAAG Standards. This violation would make it dangerous for Plaintiff or any disabled individual to access the restroom.

(xix)    The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

(xx)     Restrooms have a vanity sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xxi)    The controls on the faucets require pinching and turning of the wrists in violation of Section 309.4 of the 2010 ADAAG standards. This would

make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(xxii)    The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xxiii)   The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xxiv)    The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xxv)     The distance of the centerline of the toilet is not adequately positioned from the side wall as it is more than 19 inches from the side wall in violation of Section 604.2 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35.       The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Terry's and the Property.

36.       Plaintiff requires an inspection of Terry's and the Property in order to determine

all of the discriminatory conditions present at Terry's and the Property in violation of the ADA.

37.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.      All of the violations alleged herein are readily achievable to modify to bring Terry's and the Property into compliance with the ADA.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Terry's and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Terry's and the Property is readily achievable because Defendants, TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC, have the financial resources to make the necessary modifications as the market value of the Property is listed at $1,299,230.00 on the Dallas Central Property Appraiser website.

41.     Upon information and good faith belief, Terry's and the Property have been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Terry's and the Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC.

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC, to modify Terry's and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, TERRY'S SUPERMARKET #7, L.L.C., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, TSM DEVELOPMENT LLC, in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, TERRY'S SUPERMARKET #7, L.L.C. and TSM DEVELOPMENT LLC, from continuing

their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, TERRY'S SUPERMARKET

#7, L.L.C. and TSM DEVELOPMENT LLC, to (i) remove the physical barriers

to access and (ii) alter the subject Terry's and the Property to make it readily

accessible to and useable by individuals with disabilities to the extent required by

the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses

and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: February 25, 2020.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

15

Law Offices of
LIPPE & ASSOCIATES


Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS